NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-94

COMMONWEALTH

vs.

CHRISTOPHER R. TOOMEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court jury convicted the defendant of operating a motor vehicle while under the influence of intoxicating liquor (OUI).[1] On appeal, he challenges his conviction on several grounds. We affirm.

Background. After observing the car the defendant was driving going approximately sixty miles per hour down Main Street in Dighton,[2] the police signalled for the defendant to pull car over, which he did. They smelled alcohol on the

_____

[1] The defendant originally also had been charged with negligent operation of a motor vehicle and with OUI as a second offense. The trial judge allowed the defendant's motion for a required finding of not guilty as to the negligent operation charge. The Commonwealth was unable to proceed to trial on the subsequent offense portion of the OUI charge so the judge dismissed it. The judge found the defendant liable for speeding, but that finding is not subject to this appeal.

[2] The Commonwealth presented no evidence of the speed limit for that road.

defendant's breath both then, and later after they arrested him. They also noticed that he had a delayed response to their questions. Nineteen open "nip" bottles were found inside the car. Before administering field sobriety tests, the police asked the defendant "if there's any physical injuries where it would prevent him from doing any of the tests involved." According to the arresting officer, the defendant stated that he suffered from neuropathy. The police went ahead and administered various field sobriety tests. The defendant performed satisfactorily on some of the tests. For example, he was able to recite the alphabet without incident.[3] On the nine-step walk and turn test, the defendant "failed to listen to the instruction," "missed a few steps in between," "went off the line," "lost his balance" and "was not able to complete that test." The officer formed an opinion from his observations that the defendant was "under the influence of alcohol" and arrested him. In transporting the defendant back to the station, the officer smelled alcohol inside his vehicle.

---

[3] The defendant also was able to count backwards from 96, although he stopped at 80, instead of at 84, as instructed. The testimony about the defendant's performance on the one leg stand test was somewhat mixed. The arresting officer testified that he could not "recall how [the defendant] did with that test," but went on to suggest that he "believe[d]" that the defendant placed his foot down before the allotted time had expired. On cross-examination, the officer testified that the defendant "was not able to complete that test," and "[t]hat he swayed to regain his balance."

Discussion.  The defendant's principal argument on appeal is that the evidence that he was under the influence while he was driving was not sufficient to sustain his conviction.  In assessing the sufficiency of the evidence, we are to view the Commonwealth's evidence -- including all reasonable inferences therefrom -- in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  The ultimate question is whether the evidence, viewed in that light, was sufficient to persuade any rational fact finder that the essential elements of the crimes charged had been established beyond a reasonable doubt.  Id at 677-78.

The Commonwealth's evidence of intoxication here easily meets that standard.  As noted, the arresting officer smelled alcohol on the defendant, he noticed the defendant's delayed reactions to questions, he (or another officer) found nineteen open nip bottles in the car, the defendant performed poorly on some of the field sobriety tests, the defendant was driving sixty miles per hour on Main Street in Dighton, and the officer formed an opinion that the defendant was intoxicated.  Such evidence is of the type and quantity that repeatedly has been found sufficient.  See, e.g., Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017), and cases cited.

In arguing to the contrary, the defendant offers alternative explanations for the incriminating evidence against

3

him.  For example, he suggests that his poor performance on the nine-step walk and turn test may have been caused by neuropathy, not by his being intoxicated.  The jury were not required to credit that explanation, however.  That is particularly true where there was no evidence before the jury about how neuropathy might affect someone's performance on field sobriety tests.[4]  But even if such evidence had been presented, it still would have been up to the jury to consider its weight; the mere presence of such countervailing evidence would not have negated the Commonwealth's evidence.  See Commonwealth v. Schutte, 52 Mass. App. Ct. 796, 800-801 (2005) (although evidence that defendant suffered from "chronic imbalance" should have been admitted, this would not have justified exclusion of evidence of defendant's performance on field sobriety tests).

To the extent that the defendant suggests that we should not consider certain evidence on the ground that it was improperly admitted, we note that the sufficiency of the

---

[4] The defendant was prepared to call an expert on this issue and to offer the defendant's medical records, which memorialized his having neuropathy.  This would have been a risky strategy, however, because the medical records indicate that the neuropathy may be caused by the defendant's chronic alcoholism.  Through motions in limine, the defendant sought to redact mention of his alcohol abuse from the medical records and to limit cross-examination of the expert on this topic.  After the judge rebuffed such efforts, the defendant understandably chose not to introduce such evidence.  The defendant claims no error in the denial of his motions in limine.

4

evidence "is to be measured upon that which was admitted in evidence without regard to the propriety of the admission." Commonwealth v. Sepheus, 468 Mass. 160, 164 (2014), quoting Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 98 (2010). Moreover, the defendant has not demonstrated that the judge abused his discretion in admitting any evidence, much less shown that any error caused a substantial risk of a miscarriage of justice.[5]

To the extent that the defendant makes additional arguments, we discern no merit in them.[6]

Judgment affirmed.

By the Court (Milkey, Henry & Desmond, JJ.[7]),

Assistant Clerk

Entered: March 19, 2024.

---

[5] The defendant lodged no relevant objections at trial, and our review therefore is limited to whether any evidentiary errors caused a substantial risk of a miscarriage of justice. See Commonwealth v. McCoy, 456 Mass. 838, 845-846 (2010).

[6] In his reply brief, the defendant argues that the Commonwealth failed to respond to some of his appellate arguments and thereby conceded the issues. As the appellee, however, the Commonwealth had no obligation even to file a brief. Indeed, an appellate court we can affirm a criminal conviction on any ground fairly raised by the record. See Commonwealth v. Nordstrom, 100 Mass. App. Ct. 493, 501 n.9 (2021).

[7] The panelists are listed in order of seniority.